IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| RIKKY PARIKH, § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 7:19-CV-096-O |
| § | (NO. 7:08-CR-007-O) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Came on for consideration the motion of Rikky Parikh, Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the Government's response, the record, including the record in the underlying criminal case, No. 7:08-CR-007-O, and applicable authorities, finds that the motion should be dismissed as untimely.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On April 9, 2008, Movant was named in a three-count indictment charging him in count one with conspiracy to manufacture 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846, in count two with possession of a "list I chemical," knowing and having reasonable cause to believe that this chemical would be used to manufacture a controlled substance, in violation of 21 U.S.C. § 841(c)(2), and in count three with carrying and possessing a firearm during and in relation to and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). CR Doc.[1] 16.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 7:08-

Movant originally entered a plea of not guilty. CR Doc. 26. He later signed a written plea agreement, CR Doc. 32, and a factual resume. CR Doc. 33. The plea agreement provided, among other things, that Movant waived his right to appeal and to contest his convictions in any collateral proceedings except in certain circumstances not pertinent here. CR Doc. 32 at 6. The Court accepted Movant's plea of guilty. CR Doc. 39. Movant was sentenced to a term of imprisonment of 120 months as to count one of the indictment and to a term of 60 months as to count three of the indictment, to be served consecutively. Count two of the indictment was dismissed on the Government's motion. CR Doc. 44. Movant did not appeal.

## II. GROUND OF THE MOTION

Movant asserts one ground in support of his motion, alleging that his conviction under § 924(c) must be vacated pursuant to the Supreme Court's rulings in *Johnson v. United States*, 576 U.S. 591 (2015),[2] *Begay v. United States*, 553 U.S. 137 (2008),[3] *Sessions v. Demaya*, 138 S. Ct. 1204 (2018),[4] and *United States v. Davis*, 139 S. Ct. 2319 (2019).[5] Doc.[6] 4 at 7.

## III. TIMELINESS OF THE MOTION

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

CR-007-O.
[2] *Johnson* addresses the residual clause of the Armed Career Criminal Act of 1984 and is not applicable here.
[3] *Begay* likewise concerns the residual clause of the Armed Career Criminal Act of 1984.
[4] *Sessions* holds that the residual clause of 18 U.S.C. § 16(b) is unconstitutionally vague.
[5] *Davis* holds that the residual clause of 18 U.S.C. § 924(c)(3) is unconstitutionally vague.
[6] The "Doc. __" reference is to the number of the item on the docket in this civil action.

2

> (3) the date on which the right asserted was initially recognized by the Supreme
> Court, if that right has been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could
> have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

Movant recognizes that his judgment long ago became final. He urges that his motion is timely because he relies upon cases that were not available during sentencing. Doc. 4 at 10. As noted, *supra*, however, none of the cases upon which Movant relies is pertinent here. Movant's conviction under count three of the indictment was for using or carrying a firearm during and in relation to and in furtherance of a drug trafficking crime, not "any crime of violence." CR Doc. 16. The residual clause played no role in his sentencing. *In re Navarro*, 931 F.3d 1298, 1302–03 11th Cir. 2019); *United States v. Williams*, No. 14-131, 2020 WL 7861309, at *2 (E.D. La. Dec. 31, 2020)(citing cases). In determining whether § 2255(f)(3) applies, the Court is limited to deciding whether Movant is asserting the same right initially recognized by the Supreme Court, thus rendering his motion timely. *United States v. London*, 937 F.3d 502, 506 (5th Cir. 2019). Here, Movant is not asserting the same right recognized in *Davis* or any of the other cases he cites. His motion is untimely and must be dismissed.[7]

---

[7] As the Government notes, Movant could not proceed with his motion in any event. Doc. 8 at 5, n.3. He failed to raise the issue on direct appeal. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991)(*en banc*). And, in any event, he waived the right to appeal as part of his plea agreement. CR Doc. 32.

## IV.  CONCLUSION

For the reasons discussed herein, movant's motion is **DISMISSED AS UNTIMELY**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 23rd day of July, 2021.

Reed O'Connor
UNITED STATES DISTRICT JUDGE